Judge Mills
delivered the Opinion of the Court.
Suddeth sued Jacob Bn tier, in assumpsit, on the assignment of a promissory notej made to him by Butler, alleging diligent pursuit by due process of law, against the maker, and that he had proved insolvent.
On the trial of the issue of non-assumpsit, it appeared in evidence, on the part of the defendant, that he, the defendant, had sold.and passed the note, first to William Butler, by delivery only, not assigning if, and that said William Butler passed the note in the same wav, by delivery only, to the plaintiff, telling the plaintiff that the defendant would assign it ip him; that accordingly the plaintiff left the note in the hands of a friend to be presented to the defendant for his assignment. That friend presented it to the defendant, and he assigned it, when the plaintiff was not present, and it was some time afterwards handed back to the plaintiff. The counsel for defendant asked the witness who proved that William Butler passed the note to the plaintiff by *542 delivery, telling him that Jacob Butler, the defen - dant would assign it, whether William Butler did not also tell the plaintiff, that Jacob Butler, the defendant, had passed it away without recourse? To this question the plaintiff objected, as improper and irrelevant. The court sustained the objection, and the jury having found a verdict against the defen - dant, he has prosecuted this writ of error.
Where obli-gee passes a note without assignment, and the purchaser passes it in like manner to another who obtains ob-ligee to make an assignment in the common form, the presumption is, there is no liability.
It may he proved by pa-rol, notwithstanding the writ{en ag_ sigumcnt of a note the th™’ transfer was without recourse.
*542 We conceive, iq excluding this evidence the court below erred.
There is nothing in the assignment of a note, in usual form as this is, which engages in tetidem verbis, to pay any thing, if the maker fails. There is no express assumpsit or promise by tlie assignor to the assignee, that he will make the note good, or rather restore the consideration which he has received. The recovery then is on an implied assumpsit, on a presumption that he has made such undertaking. This presumption, like all others, is subject to be rebutted or destroyed by proper proof, and if the assignment is in usual form, the assignor may, nevertheless, destroy the presumption, by proving that at the time he made the assignment, it was agreed, there should be no recourse upon him, and that he should not be liable; or he may prove circumstances attending the assignment calculated to repel the presumption. Such circumstances we conceive, the defendant here did prove. He passed tne note away by delivery only, and his transferree passed it in like manner. The bare circumstance of passing a note by delivery only, has of itself, been held prima facie evidence that there shquld be no recourse if the maker failed. The further fact that the note had been left in the road of the defendant for his assignment, and his assigning it, in the absence of the plaintiff did not, of itself, import more, than that he was willing to pass the legal title thereto, without incurring further responsibility.
The additional fact, therefore, which the defendant wished to extract from the witness, that when the plaintiff got the note, (as we understand the exception,) from William Butler, the transferree of *543 the defendant, lie was told by said. William, that the defendant bad passed it without recourse, was a circumstance w'hich conduced to pro.ve that the plaintiff took tlie note without recourse, and that when he obtained the defendant’s assignment, through the agency of his friend, he did not expect that the defendant had incurved any liability, and that the whole transaction shewed the defendant not Rabie.
assignor the costs expend-in obligor to fn-solvencj— but not the edV/hinT6*" the assignee, W as-had^urTued the obligor, antl then re-ymaud"1 - covered a " judgment witil costSi
He ought to have paid suit,
There is another question of some novelty which may again occur on another trial of the cause, and therefore we must notice it. The plaintiff, Sud-deth, after he had received the assignment of the note from the defendant, assigned it to Robert Saunders. Saunders brought suit thereon against the maker and pursued him to insolvency by process of law. Saunders then sued the present plaintiff, and recovered against him a verdict and judgment on his assignment. The plaintiff gave in evidence, nest only the record of Saunders against the maker of tlie note, but also the record of the suit, Saunders against himself, and the court below determined, that the defendant was liable to the costs of both suits. That the costs of the suit, wherein the maker of the note is pursued to insolvency, can be recovered against an assignor, and is within the implied assumpsit, has been ruled by former adjudications; but that the costs of all the suits which all the assignees may bring against their respective assignors, if there be a dozen of them, must all fall upon, and be recovered of the last assignor, is extending the undertaking of an assignor beyond any decision heretofore known to us. It may be presumed that the assignor undertook to pay the costs of pursuing the maker to insolvency; but it cannot be presumed that he undertook to pay for the default of every .subsequent assignor, who might fail to do his duty by fulfilling his warranty, till compelled to do so by suit.
The failure of the plaintiff to pay Saunders his money and costs, after Saunders had pursued the maker to insolvency, was the plaintiffs own failure, the costs of which he must bear himself, as other *544 debtors clo, when sued. He might have paid up Saunders without suit, and then taken his recourse' on the defendant, and the suit against him was not necessary to give him his recourse agáinst the defendant, and if he chose to withhold from Saunders what was due to him till after judgment, it was his own fault.
Each as-signee recovers of his assignor according to the consideration he paid. •
Triplett, for plaintiff; James Trimble, for defens dant.
The recovery of Saunders against him, did not form the criterion oí his recovery against the defendant, as each assignee recovers against his assign- or what he paid for the note, and the costs of the suit against the insolvent maker, and this is as far as the implied assumpsit of an assignor has ever been held to extend. The court, therefore, erred in per? mitting the costs of the suit, of Saunders against the plaintiff, to be given in evidence and recovered against the defendant.
The judgment must be reversed with costs, and the verdict set aside, and the cause be remanded for new proceedings, not inconsistent with this opinion.